# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                                   **Case No. 08-CR-172**

**JERROD HORTON**
        **Defendant.**

## DECISION AND ORDER

On December 3, 2009, defendant Jerrod Horton pleaded guilty to conspiracy to distribute 5 kilograms or more of cocaine. At his July 15, 2010, sentencing hearing, I determined that defendant qualified as a career offender, which produced a sentencing guideline range of 262-327 months (base offense level 37, U.S.S.G. § 4B1.1(b)(1), minus 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 34; criminal history category VI, U.S.S.G. § 4B1.1(b)). Based on the government's U.S.S.G. § 5K1.1 motion and on consideration of the factors under 18 U.S.C. § 3553(a), I imposed a sentence of 102 months. Defendant took no appeal.

On February 23, 2015, defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and guideline Amendment 782. Section 3582(c)(2) permits the court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Amendment 782 generally reduces offense

levels in drug trafficking cases by 2, see U.S.S.G. § 2D1.1(c), and the Commission designated that Amendment for retroactive application. See U.S.S.G. § 1B1.10(d) (policy statement). However, defendant cannot obtain a reduction because Amendment 782 "does not have the effect of lowering [his] applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), which was based on the career offender provision. See United States v. Williams, 694 F.3d 917, 918-19 (7th Cir. 2012). Defendant cites United States v. McGee, 553 F.3d 225 (2d Cir. 2009), where the court held that a career offender actually sentenced under U.S.S.G. § 2D1.1(c) could receive a reduction under § 3582(c)(2). McGee is distinguishable, as I did not sentence defendant based on the § 2D1.1(c) range,[1] but in any event that case has been superseded by the Commission's recent amendments to U.S.S.G. § 1B1.10. See United States v. Montanez, 717 F.3d 287, 294 (2d Cir. 2014); U.S.S.G. § 1B1.10 cmt. n.1(A). Defendant argues that he should not be considered a career offender, but I may not in deciding a § 3582(c)(2) motion reconsider other guideline decisions. See U.S.S.G. § 1B1.10 cmt. n.2.

**THEREFORE, IT IS ORDERED** that defendant's § 3582(c)(2) motion (R. 1388) is **DENIED**.[2]

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] I departed/varied from the career offender range.

[2] Defendant previously moved for appointment of counsel. Pursuant to the administrative order appointing Federal Defender Services of Wisconsin to represent defendants serving sentences imposed in the Eastern District of Wisconsin who might be eligible for sentencing relief under Amendment 782, an Associate Federal Defender reviewed the matter and declined to file anything on the defendant's behalf. The motion for appointment of counsel (R. 1369) is **denied as moot**.