# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                **Case No. 08-CR-172**

**JERROD HORTON**
    **Defendant.**

## ORDER

On July 15, 2010, I sentenced defendant Jerrod Horton to 102 months in prison. He took no appeal. He later filed motions to modify his sentence under 18 U.S.C. § 3582(c)(2), which I dismissed or denied. Defendant now requests a copy of the sentencing transcript, indicating that he needs the transcript to pursue other legal matters pertaining to the instant conviction. He cites no authority for his request.

The sentencing transcript has not been prepared and is not part of the court's file, so it may not be provided under 28 U.S.C. § 753(b). Section 753(f) allows the court to authorize preparation of transcripts in certain post-conviction matters if the judge certifies that the transcript is needed to decide the issue presented by the suit. However, defendant has no matter pending before this court; nor does he specify why the transcript would be needed to decide the issues in any action he has filed or may file. See United States v. Horvath, 157 F.3d 131, 132-33 (2d Cir. 1998); United States v. Ray, No. 04-CR-71, 2007 U.S. Dist. LEXIS 90394 (E.D. Wis. Nov. 28, 2007).[1]

---

[1] The transcript was not needed to decide defendant's recent § 3582(c)(2) motion, which failed because Amendment 782, upon which defendant relied, did not lower his applicable guideline range.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1390) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge